LANDRY, Judge.
Plaintiff Maurice Charest D/B/A Trans-State Remodeling Company instituted this action to recover the sum of $1,210.00 together with attorney’s fees of 20% of said amount and interest on both sums at the rate of five per cent per annum, allegedly due by defendant Busby under a written contract for the repair and remodeling of defendant’s residence situated in the City of Bogalusa, Louisiana.
Initially named as defendants herein were Mr. and Mrs. Ray O. Busby. Exceptions of no right and no cause of action filed on behalf of Mrs. Busby were sustained by the trial court and plaintiff’s action dismissed as to her. Plaintiff having failed to appeal from the judgment dismissing his action as to Mrs. Busby, said defendant is no longer a party to this litigation.
Pursuant to the written contract between the parties to this suit plaintiff, in consideration of defendant’s agreement to pay the sum of $1,210.00, undertook to perform the following work upon defendant’s residence:
1.Renail all loose weatherboards where necessary.
2. Replace rotten weatherboard where necessary.
3. Check the home for termites; replace the rear sill — -12 Ft. long.
4. Cover the front up to the windows with tan terox and up to the front door on the side of the house.
5. Cover the balance of the house with white “shake” (sic).
6. Caulk and seal around all windows and doors.
7. Use rust proof nails and corners.
Plaintiff completed the foregoing items of construction, tendered the work for defendant’s acceptance and, upon defendant’s rejection thereof because of certain alleged defects therein, instituted this action to recover the sums hereinabove mentioned. After trial on the merits the lower court decreed that although plaintiff had not fully complied with the contract, plaintiff was nevertheless entitled to reimbursement of expenses in the sum of $1,100.59 incurred by plaintiff in the performance of the work and rendered judgment in favor of plaintiff and against defendant in said amount. No disposition was made of defendant’s recon-ventional demand for damages predicated upon plaintiff’s alleged failure to perform the renovation in a workmanlike manner as called for in the contract. From said adverse judgment defendant has taken this appeal. Plaintiff has neither appealed nor answered defendant’s appeal.
Defendant-appellant first complains of error on the part of the learned trial judge in failing to declare the contract null and void on the ground that it contains a potestative condition.
Although Article 2034 LSA-C.C. provides that a contract containing a potestative condition is null and void, it is settled jurisprudence that such an agreement is merely voidable and that if there has been full or partial performance thereof by the obligor, the obligee is not permit *469 ted to advance the defense of nullity on the ground that the obligor was at liberty to refrain from performance. Hansman v. Uddo & Taormina Company, La.App., 76 So.2d 753; Owens v. Muslow, 166 La. 423, 117 So. 449. Assuming, arguendo, there were any merit in defendant’s contention with regard to the alleged potestative condition contained in the agreement, defendant having permitted plaintiff to perform the obligation assumed therein, is now es-topped to urge such defense.
In the alternative defendant urges that plaintiff did not perform all of the work called for in the contract; that the work done by plaintiff was not performed in a workmanlike manner; and that the work was so defective virtually the entire project will have to be redone. By far the greater portion of the work called for in the contract consisted of the application of Terox to the exterior of the residence across the entire front and a portion of one side thereof from the ground to a height just below the windows and covering the remainder of the exterior around the entire house with aluminum siding applied over existing weatherboarding. The record reveals that Terox is an imitation stone siding so constructed and applied as to resemble building stone upon installation. To achieve the desired effect imitation stone squares and rectangles of various sizes are affixed to the exterior of a building with cement or mortar much in the manner of bricks or cement building blocks.
The learned trial court found that the following defects existed in the work performed by plaintiff:
“(1) A narrow strip of siding was left off the home over the double windows on the south side of the defendant’s house.
(2)Two pieces of siding were not trimmed off even with the rest of the siding by the rafters on the south side of the house.
(3) The corner caps were loose.
(4) The Terox was placed on the house in such a manner that the vertical joints were not properly staggered.”
The trial court further held that while the above listed defects were not particularly important they nevertheless detracted from the appearance of the house to such extent as to justify the conclusion plaintiff had not complied with the contract. Despite such obvious inconsistency, our esteemed brother below held that plaintiff was entitled to out of pocket expenses.
In so holding our brother below fell into error. Partial performance by a contractor entitles him to the value of the work done and not to the amount of expense incurred therein. It is the settled jurisprudence of this state that where there has been substantial compliance with the terms and conditions of a building contract, the contractor is entitled to the value of the work done by him if a price has been agreed upon even though the work be unfinished or defective and the sole remedy of the owner is to seek a reduction in the contract price by such amount as is necessary to complete the work according to the provisions of the agreement. Jack v. Henry, La.App., 128 So.2d 62; Jones v. Tusa, La.App., 100 So.2d 799.
Besides the defects found by the learned trial court, defendant complains of the following alleged additional imperfections:
(a) No termite inspection was made;
(b) Drip caps were not installed over doors and windows;
(c) Along one side of the house the aluminum siding was not installed so as to conceal the sills;
(d) The aluminum siding was not installed in a straight and level manner; and
*470 (e) The siding was not uniformly applied up to and around the rafters.
No citation of authority is needed in support of the proposition that compliance with a building contract is a question of fact to be determined in the light of the circumstances of each particular case.
Regarding plaintiff’s alleged failure to make a termite inspection defendant testified that no such inspection was made whereas plaintiff testified that such an inspection was in fact conducted and defendant notified as to the results thereof. In this connection it is desired to point out that the contract only called for plaintiff to check for termites. If termites were discovered it was not incumbent upon plaintiff to treat the residence against such insects. The learned trial court evidently accepted plaintiff’s testimony to the effect that the inspection was in fact made and from the record we concur in his finding in this respect.
Concerning the absence of drip caps over the doors and windows the testimony of both plaintiff’s and defendant’s witnesses establishes that unless such devices are expressly provided for in a building contract there is no obligation upon the contractor to install them. Since the contract in question does not provide for the installation of drip caps it therefore follows that defendant has no ground for complaint in this connection.
In support of the contention that plaintiff has not complied with the terms and provisions of the contract, defendant relies principally upon the testimony of Ernest Horst, a carpenter and contractor whose combined experience in both capacities covers a period of approximately fifteen years, the last six or seven years having been devoted to his self-employment as a contractor. Mr. Horst, who was unacquainted with defendant until engaged by the latter to inspect the house in question, testified that he examined the residence prior to trial. In addition to the defects-found by the learned trial Court, Mr. Horst considered that the aluminum siding was improperly installed in that it was un-level and uneven. He attributed this defect to the fact that the building had not been leveled prior to application of the siding. In the opinion of Mr. Horst a workmanlike job could not be accomplished unless the house were leveled before the-siding was applied. It will be noted that the contract involved in the instant case did not call for plaintiff to level the residence. Mr. Horst further testified that it was his custom to provide gratis whatever service was necessary to level a “small job” which we understand from his testimony includes a contract similar to that involved in the-case at bar. He was unable, however, to state whether the gratuitous performance of such work was accepted standard procedure in the building trade. On this issue plaintiff’s testimony is uncontradicted to-the effect that, in the absence of a contract provision calling for the leveling of a residence, siding is applied to the building in the condition in which it is found by the contractor. Under such circumstances we cannot but conclude that plaintiff was not obliged to level defendant’s residence before applying the siding in question. In view of the foregoing, any condition of the building attributable to the unlevel state thereof is not chargeable to plaintiff contractor.
Horst testified further that he had installed Terox siding on only one other residence and aluminum siding on approximately twenty other jobs. Pictures in evidence indicate that the Terox siding was installed .in “panels” so that at intervals a few feet apart there was a continuous vertical mortar joint from the top “stone” to the ground. Horst considered this method of installation unworkmanlike even though the individual “stones" in each “panel” were staggered. He was of the opinion that better workmanship required the “stones” to be staggered throughout the front of the residence so that there would *471 be no continuous vertical joint from top to bottom at any point. According to Horst this defect could not be remedied without removing all of the Terox and commencing the job over from the beginning.
Jessie Purvis, plaintiff’s foreman, testified that he had installed Terox on various residences in the course of his employment with plaintiff. On defendant’s job he installed the Terox in “panels” because such procedure was necessitated by the fact that Terox was not installed completely around the residence. He explained that it was necessary to have straight even lines where the Terox ended so that the aluminum siding would butt against a straight even edge. He conceded that it was possible to have staggered the stones on the complete job but that such would have entailed additional work in the form of cutting more stones. He further testified that whether the stones were staggered or placed in panels was a matter of personal choice depending upon the taste of the owner and that on past jobs he had made installations in both fashions. Purvis also testified that defendant expressed no choice in the matter so Purvis elected the easier course. Defendant concedes that he did not object to the manner in which the Terox was applied during the course of the work and complained for the first time when he was requested to sign an acceptance. Conceding the appearance of defendant’s residence may perhaps have been more pleasing had the Terox been installed in completely staggered joints, under the circumstances shown, we cannot say that the method employed by plaintiff herein rendered the work unacceptable on the •ground that it was performed in an unwork-manlike manner.
The testimony of Purvis further shows that the aluminum siding was not installed evenly to the rafters around the sides of the house for the reason that during construction defendant indicated he intended to “box in the eaves”, therefore, it was unnecessary to install the siding even with the top of the rafters around the entire house. Purvis acknowledged that except for defendant’s representations in this regard as well as defendant’s assurance that “it did not matter whether the siding was evenly installed at the top”, he, Purvis, would have cut and installed all of the siding evenly and smoothly around the rafters.
With regard to the exposed sill on one side of the house it will be noted the contract calls for application of Terox to the front and a portion of one side of the residence and also provides that plaintiff shall “cover the balance of the house with white “shake” (sic). We understand the term “white shake” to mean “white cedar shakes” which are in the nature of rather long and wide wooden exterior shingles made of cedar. It is conceded by both litigants that “cedar shakes” were not available and that by mutual consent white aluminum siding was substituted in place thereof.
Plaintiff and his foreman Purvis testified that in the absence of contract specifications to the contrary the obligation to cover the balance of the house meant that the contractor undertook to cover only the existing siding which plaintiff did in the instant case. In substance plaintiff and Purvis testified that they commenced application of the aluminum siding even with the bottom weatherboard on the house and covered all existing siding. Moreover, their testimony indicates it was not possible to cover the sill mentioned by defendant because there was nothing to which siding could be secured at this point.
Conceding defendant’s dissatisfaction with the outcome of the renovation undertaken, his displeasure does not per se justify his release from the obligation of paying plaintiff the value of the work performed minus the cost of correcting the minor defects and imperfections therein. The case at bar is a classic example of an instance wherein an owner received exact *472 ly what his contract called for. Under the circumstances obtaining in this case we have no hesitancy in concluding that plaintiff has established that the Terox and aluminum siding was properly installed excepting only plaintiff’s failure to place siding over the double window mentioned and the loose corner caps. Plaintiff having substantially complied with the terms of the contract is entitled to recover the value of the work performed less the cost of repairing the defects noted.
There is almost a complete lack of evidence in the record to show the cost of repairing the hereinabove noted minor defects or, more properly stated, the cost of perfecting or completing the work in a workmanlike manner. On this score defendant’s witness Horst testified that the labor alone to correct all of the alleged defects, namely, level the house and remove and reinstall all Terox and aluminum siding would cost $600.00. Horst made no attempt to estimate the cost of materials required to thus completely redo the job. Neither did he estimate either the cost of placing siding over the double window on the south side of the house or the expense involved in correcting the loose caps at the corners of the residence. Defendant owner having failed to establish the cost of correcting said defects may not recover therefor.
In view of defendant’s failure to prove the cost of perfecting the defects shown the learned trial court should have rendered judgment in favor of plaintiff for the amount of the contract. Instead, however, the court below entered judgment in favor of plaintiff in the sum of $1,100.59 which is the amount of expense plaintiff proved in connection with his execution of the work in question. Our learned brother below declined to award plaintiff the attorney’s fees provided for in the agreement. Considering plaintiff’s failure to appeal or answer defendant’s appeal we can neither increase the award made below nor allow plaintiff the attorney’s fees which he now requests in his brief filed in this, court.
Although the court below granted plaintiff judgment for expenses incurred under the contract in question, the record conclusively shows that plaintiff failed to. pay the sum of $384.45 due for the aluminum siding applied to defendant’s residence thereby causing a lien in said amount to be-filed against defendant’s property by the supplier of said material. The contract in question cléarly provides that plaintiff was to furnish all material and labor necessary in the performance of the work described therein. In view of plaintiff’s failure to pay for the siding and the consequent filing of a lien against defendant’s property, defendant has been clearly exposed to liability therefor. The interests of justice require that defendant be given credit for said sum of $384.45 which was plaintiff’s obligation- under the agreement.
In accordance with the foregoing, it is ordered, adjudged and decreed that the judgment of the lower court in favor of plaintiff Maurice Charest D/B/A Trans-State Remodeling Company and against defendant Ray O. Busby be and the same is hereby amended and .revised by reducing the amount thereof from the sum of $1,100.59 to the amount of $716.14. It is-further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff Maurice Charest D/B/A Trans-State Remodeling Company and against defendant Ray O. Busby in the full sum of $716.14, together with legal interest thereon from date of judicial demand, until paid, and all costs of these proceedings.
Amended and affirmed.