John H. VANCE, D/B/A Vance
Construction Co., Petitioner,

v.

MY APARTMENT STEAK HOUSE OF
SAN ANTONIO, INC., Respondent.

No. C–2623.

Supreme Court of Texas.

May 23, 1984.

David W. Rogers, San Antonio, for petitioner.

Charles E. Davis, San Antonio, for respondent.

BARROW, Justice.

This is an appeal by John H. Vance, d/b/a Vance Construction Company (Vance) from a take-nothing judgment rendered in his suit against My Apartment Steak House of San Antonio, Inc. (Steak House) to recover on a construction contract. The court of appeals affirmed. We reverse the judgments of the lower courts and remand the cause to the trial court.

In March of 1978, Vance entered into a construction contract with Steak House whereby Vance agreed to construct a restaurant to be completed by August 10, 1978 in return for payment of $116,000. Various delays occurred for which each party blames the other. Finally, on September 25, 1978, Steak House notified Vance the contract was terminated and thereafter denied him access to the property for further work. It is undisputed that the contract was not fully performed although the restaurant had been substantially completed. The sum of $20,000 was withheld by Steak House from the contract price.

One subcontractor, Consolidated Interior Systems, Inc., was not paid, and it brought this suit against both Vance and Steak House seeking to recover the sum of $2,484. Vance answered and filed a cross-action against Steak House seeking to recover the sum of $8,298 remaining due and owing under the original contract. In his petition, Vance conceded that the contract had not been fully performed, but urged that he was prevented by Steak House from completing the contract. Steak House then filed a cross-claim against Vance seeking the sum of $43,488.75 for defective construction and failure to complete the contract. It was stipulated by all parties that Consolidated Interiors was entitled to recover on its claim, and it is not a party to this appeal.

At the conclusion of all evidence, the trial court granted motions for instructed verdict against both Vance and Steak House on the cross-actions filed by each. Only Vance perfected an appeal. The court of appeals affirmed after concluding that Vance had failed to prove the cost of remedying the defects or omissions necessary to make the building conform to the contract.

At the outset, we shall restate the well-established Texas rules concerning the measure of damages in a building contract dispute such as this. We first note that both Vance and Steak House are alleged to have breached their contract. They both have filed affirmative claims for relief via their cross-actions. Moreover, the evidence indicates that Vance did substantially perform the contract and that all of the building defects were remediable.

When a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable. *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex. Comm'n App. 1925, holding approved); *Dietz Memorial Co. v. Texas Steel Bldg. Co.*, 578 S.W.2d 872, 875 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *Perryman v. Sims*, 506 S.W.2d 753, 756 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.); 3A A. Corbin, *Corbin on Contracts* § 709, at 334–37 (1964 and Supp. 1984); J. Calamari & J. Perillo, *Contracts* § 11–22, at 412 (2d ed. 1977); Guittard, *Building Contracts: Damages and Restitution*, 32 Tex.B.J. 91, 122 (1969).[1]

1. There are numerous factual settings that may arise in the context of a building construction contract disput, and we do not imply that the rules set forth herein will apply to all building contract cases. The proper measure of damages as well as any allowance offsets must be determined by the facts of the case. *See generally*

■ Steak House also has a claim for damages under Texas law. The measure of damages for an owner when the contractor is alleged to be in breach of a construction contract is the cost of completing the job or of remedying those defects that are remediable. If only part of the contract price has been paid to the contractor, then the amount of the owner's damages is credited against the balance of his payments still unpaid. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex.1982); *Graves v. Allert & Fuess*, 104 Tex. 614, 142 S.W. 869, 870 (1912); 3A A. Corbin, *Corbin on Contracts* § 1089, at 485–92 (1964 & Supp.1984); J. Calamari & J. Perillo, *Contracts* § 14–29, at 560 (1977); Guittard, *Building Contracts: Damages and Restitution*, 32 Tex.B.J. 91, 118–20 (1969).

■ The formulae of recovery we have just set forth comprise the damage elements of the contractor's and the owner's causes of action. It is a well accepted postulate of the common law that a civil litigant who asserts an affirmative claim for relief has the burden to persuade the finder of fact of the existence of each element of his cause of action. *Grieger v. Vega*, 153 Tex. 498, 271 S.W.2d 85, 89–90 (1954); *Albright v. Long*, 448 S.W.2d 564, 565 (Tex.Civ.App.—Amarillo 1969, no writ). Therefore, when Vance alleged facts entitling him to recover for his performance and his allegations were denied by Steak House, Vance was placed in the position of having to prove every fact essential to his case. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742, 744 (Tex.1973).

The primary contention raised by Vance is that this Court should re-examine the holding in *Atkinson v. Jackson Bros.*, 270 S.W. 848, and shift the burden of proof on the cost of remedying building defects to the owner in all instances, even when the contractor is asserting a claim for relief. After consideration of the arguments for and against this change, we decline to overrule *Atkinson*.

■ The *Atkinson* court correctly stated that the doctrine of substantial performance is merely an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of action for quantum meruit. The doctrine does not, however, permit the contractor to recover the full consideration provided for in the contract. By definition, this doctrine recognizes that the contractor has not totally fulfilled his bargain under the contract—he is in breach. Nonetheless, he is allowed to sue on the contract, but his recovery is decreased by the cost of remedying those defects for which he is responsible. "To allow full recovery without deductions for defects is to award compensation for something [the contractor has] not done." *Id.* at 851.

The court in *Atkinson* announced the following rule "for measuring compensation or damages ... to both the contractor and the owner:"

> In cases of substantial performance, the amount recoverable by the contractor is the contract price, less the reasonable cost of remedying the defects or omissions in such a way as to make the building conform to the contract. This deduction measures the damages allowed the owner for failure on the part of the contractor to fully comply with the specifications.

*Id.* The court concluded that when a contractor seeks recovery on a substantial performance theory he has the burden to prove the reasonable cost of remedying the defects. Because the cross-plaintiff contractor failed to present any evidence on the damage element of its cause of action, the Commission held that it was not entitled to recover.

We recognize that some courts and commentators argue in favor of placing the burden of proving the cost of defects on the owner in all instances; however, we have concluded that the rationale underlying such a change in our law does not

justify the proposal. One reason suggested for placing the burden of proof upon the owner is that the owner is in a better position to know of the existence and extent of defects and the cost of remedying such defects. While this may be true in some instances, the Texas Rules of Civil Procedure contain various tools by which a contractor may require the owner to define and enumerate the alleged defects in a building. *See* Tex.R.Civ.P. 166b–169. Further, the contractor may obtain the right to enter the owner's premises for the purpose of inspecting and observing what defects are present. Tex.R.Civ.P. 166b(2)(c). Therefore, we refuse to conclude that a lack of access or control justifies changing the *Atkinson* rule.

On a related point, it has been urged that the owner may establish a defense to the contractor's cause of action simply by raising a fact issue concerning a defect not addressed by the contractor. Again, our rules of discovery permit a party to limit his opponent to certain facts and defenses. *See* Tex.R.Civ.P. 166b–169. Under these rules, a contractor would be allowed to require the owner to set forth his list of alleged defects. Thereafter, the contractor may forego any discussion of undisputed defects at trial simply by proffering the interrogatories or other discovery into evidence. This will effectively preclude the owner from raising an issue on a defect not previously disclosed to the contractor.

We today reaffirm the holding in *Atkinson*. Therefore, when a breaching contractor *brings suit* to recover for his substantial performance and the owner alleges remediable defects in the construction, the contractor is required to prove that he did substantially perform, the consideration due him under the contract, and the cost of remedying the defects due to his errors or omissions.

■ We must now decide whether the court of appeals was correct in affirming the trial court's action in directing a verdict in favor of Steak House against Vance. A defendant is entitled to a directed verdict only when reasonable minds could reach

but one conclusion under the available evidence. That is, there must be no evidence to raise a fact issue regarding the cost of remedying the defects in Steak House's building. In our review, we must consider all of the evidence in the light most favorable to Vance, disregarding all contrary evidence and inferences. *See Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980).

The record of this case is replete with testimony and other evidence concerning the cost of repairing the defects alleged to have been left by Vance. To begin with, Robert Bare, who was a part-owner and manager of Steak House, testified that he retained $20,000 of the contract price of $116,000. Of that amount, Bare estimated that he had paid $14,000 to $15,000 to subcontractors for work done or for repairs on the building. Bare later stated that the total amount paid to suppliers and subcontractors was $13,549.41; in addition, Bare spent around $2,000 for maintenance and repair work.

The lien filed by Vance was for $8,298. Vance testified that he derived this figure by deducting the amount of bills that he was aware of Bare having paid—$11,702— from the $20,000 withheld from Vance by Bare. The $8,298 claimed by Vance included the $2,484 bill owed to and sued upon by Consolidated. Thus, Vance's net claim was for $5,814. A third witness on cost of repairs was an expert called by Steak House, Bernie Fuller. He testified that he estimated the cost of repairing the defects in the building at $12,684. Fuller was not, however, able to itemize the specific matters that gave rise to this total.

Bare's testimony concerning the amounts paid by him to workmen and suppliers was competent evidence of the cost of repairs. Likewise, the estimate related to the jury by Bernie Fuller constituted some evidence as to the cost of repairing the defects in the structure. Finally, the testimony of Vance was sufficient to enable the jury to confront and resolve the issue concerning the cost of remedying the defects in the building.

■ There was a substantial conflict in the evidence with regard to the exact cost of repairs. Moreover, Vance's and Bare's testimony was in conflict on what items were "extras" and what items were called for by the contract. These inconsistencies and conflicts do not, however, negate the existence of a fact question. If an injured party has produced the best evidence available, and if it is sufficient to afford a reasonable basis for determining his loss, he is not to be denied a recovery because the exact amount of the damage is incapable of ascertainment. *Gulf Coast Investment Corp. v. Rothman*, 506 S.W.2d 856, 858 (Tex.1974); *see also City of San Augustine v. Roy W. Green Co.*, 548 S.W.2d 467, 473 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

■ We hold that the evidence in this record is sufficient to raise a question of fact as to the cost of remedying the defects in Steak House's building. The jury should have been permitted to determine what repairs, if any, were necessitated by the substandard building practices of Vance. The court of appeals erred in affirming the trial court's directed verdict in this cause.

The judgments of the lower courts' are reversed and the cause is remanded for a trial on the merits.

ROBERTSON, concurs with opinion in which WALLACE and KILGARLIN, JJ., join.

ROBERTSON, Justice, concurring.

I concur in the result of the majority. The facts and procedural history of the case at bar and *Atkinson v. Jackson Bros.*, 270 S.W. 848, (Tex.Comm'n App.1925, holding approved) are similar. In *Atkinson*, suit was brought by a lumber company against the builder, Jackson Bros. and the owner, Atkinson, for the balance due on lumber and materials furnished for the construction of the Atkinson residence. Jackson Bros. filed a cross-action against Atkinson for the balance due on the construction contract. In response, Atkinson sought damages for various defects in the workmanship and material used in the construction of the building. The jury found that Jackson Bros. had substantially complied with the contract and had built the house in accordance with the plans and specifications agreed upon. The trial court awarded Jackson Bros. recovery for the full amount owed on the contract.

On appeal, Atkinson complained that the trial court erred in awarding Jackson Bros. the full contract price because the jury, although it found Jackson Bros. had substantially complied with the contract, also found several defects in the construction. 259 S.W. 280 (Tex.Civ.App.—Austin 1924), *rev'd and remanded in part*, 270 S.W. 848 (Tex.Comm'n App.1925, holding approved). The court of civil appeals held that since Jackson Bros. had substantially complied with the contract, their performance is deemed equivalent to full performance for purposes of suit on the contract. The court reasoned that since Jackson Bros. had fully performed for purposes of suit on the contract, it was entitled to recover the contract price in the absence of *pleading* and *proof* of facts *by the Atkinsons* showing what amount would reasonably cover the cost of remedying any defects so as to fulfill the terms of the contract. 259 S.W. at 285.

The commission of appeals reversed the holding of the court of civil appeals and held:

It being made to appear from the pleadings and the proof that there was not a full compliance with the plans and specifications, Jackson Bros. could not recover at all without invoking the equitable doctrine of substantial performance. We therefore think the burden was on them to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects and omissions.

270 S.W. at 851. This court approved the holding of the commission of appeals. 270 S.W. at 852.

As stated by the majority, 677 S.W.2d at 482, the major issue before this court is whether Texas should continue to follow the *Atkinson* rule of placing the burden of

proof of the measure of a defendant's damages on the party bringing suit on a substantially complete construction contract. In nonsubstantial performance cases, the general rule in Texas is that the party asserting a claim has the burden of proving, by a preponderance of the evidence, every element necessary to sustain his claim. *International—Great Northern Co. v. Casey*, 46 S.W.2d 669 (Tex.Comm'n App.1932, holding approved); *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d 300 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The *Atkinson* court, however, departed from the traditional burden of proof by effectively requiring the contractor to establish the damages element of the owner's cause of action. This departure was founded on the belief that at common law the contractor could not recover under the contract in the absence of the doctrine of substantial performance. "No such rule has ever been a part of the common law, much less a rule of equity." A.L. Corbin, 3A *Corbin on Contracts* § 709 (1960). Furthermore, this reasoning ignores that, in cases such as *Atkinson* and the present dispute, *both* parties have breached the contract and *both* parties are seeking damages for the breach of the other.

In both *Atkinson* and this case, the owner sued for damages based upon the contractor's failure to render complete performance, and the contractor sued for damages based upon the owner's failure to pay. In both cases, each contracting party alleged an independent breach of contract. In such a case, assuming the owner proves the contractor has not completely performed, but the contractor proves he has substantially performed, the owner is entitled to recover damages resulting from the contractor's less-than-complete performance. Likewise, the contractor is entitled to recover his damages that result from the owner's failure to pay. Of course, as a practical matter, the damage claims will be offset against each other and only the party proving the larger amount of damages will actually recover against the other party. Placing the burden of proof on each

party to prove his own damages in such a case allows each party to recover exactly that to which he is entitled under the contract.

In an independent action against a contractor for breach of a construction contract, the burden of proof is on the owner to establish the contract's existence, *Franks v. Harkness*, 117 S.W. 913 (Tex. Civ.App.—1909); the alleged breach, *Schulz v. Tessman*, 92 Tex. 488, 49 S.W. 1031 (1899); and any damages sustained. *County of Tarrant v. Butcher & Sweeney Constr. Co.*, 443 S.W.2d 302 (Tex.Civ.App. —Fort Worth 1969, writ ref'd n.r.e.); *see Franks v. Associated Air Center, Inc.*, 663 F.2d 583, 590 (5th Cir.1981) ("Under Texas law, the reasonable cost of repairs is an essential element in plaintiff's proof of damages.") In a suit by an owner against a contractor for failure to complete the contract on time, the owner must meet the burden of proof as to the measure of damages. *See generally Walsh v. Methodist Episcopal Church South*, 212 S.W. 950 (Tex.Comm'n App.—1919, judgmt adopted); *McKnight v. Renfro*, 371 S.W.2d 740 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.). Similarly, in a suit by an owner for a contractor's failure to complete construction, the owner must satisfy the burden of proof as to the measure of damages to complete the structure. *Zang v. Hubbard Bldg. & Realty Co.*, 125 S.W. 85 (Tex.Civ.App.— 1910). *See generally Marshall v. San Antonio*, 63 S.W. 138 (Tex.Civ.App.—1901).

However, under Texas law following *Atkinson*, when a contractor brings a cause of action for the owner's failure to pay, after substantially performing on the contract, and the owner counterclaims for defective workmanship, the contractor effectively has the burden of proof of the damage element of the owner's cause of action by furnishing evidence on "deductions allowable necessary to remedy the defects and omissions." *Matador Drilling Co., Inc. v. Post*, 662 F.2d 1190, 1195 (5th Cir. 1981). In addition to proving his own damages, a contractor must prove the owner's damages, to his own disadvantage, or risk

forfeiture of his right to enforce the contract. *BPR Construction & Engineering, Inc. v. Rivers*, 608 S.W.2d 248, 249–50 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). It is anomalous that the contractor, in suing on the contract, must prove breach on his own part and the value of that breach. *Todd Shipyards Corp. v. Jasper Electric Service Co.*, 414 F.2d 8, 15 (5th Cir.1969) (placing of the burden on the owner is a "better view"). In the absence of such proof the contractor can recover nothing in his suit and the owner receives what may be, depending upon how much has already been paid under the contract, a substantial windfall. *See generally Ryan v. Thurmond*, 481 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). Additionally, the contractor is faced with the risk of proving the owner's damages so convincingly that the finder of fact determines he, the contractor, *did not* substantially perform. If the contractor attempts to meet the burden imposed by the rule of *Atkinson* and the fact finder thereafter finds he did not substantially perform, he cannot receive a judgment on the contract and is left with only a quantum meruit claim. *Atkinson v. Jackson Bros.*, 270 S.W. at 851. In this way, the rule of *Atkinson* may require the contractor to defeat his own suit. The contractor's alternative to this delicate balancing act is to forego suit on the contract altogether and sue only for the value of his services. From the contractor's perspective, neither alternative is desirable. From the juristic perspective, neither alternative is fair.

An additional compelling reason for placing the burden of proof on the owner is found in the general rule long recognized by this state that the party having peculiar knowledge of the facts to be proved has the burden of proof of such facts. *W.A. Ryan & Co. v. M., K. & T.Ry.Co.*, 65 Tex. 13, 19 (1885). In a substantial performance case the same measure of damages applies to both the contractor and the owner. *Atkinson v. Jackson Bros.*, 270 S.W. at 850. Those damages are expressed as the contract price less the reasonable cost of repair of the defect or omission. The alleged defect is exclusively within the control and access of the owner. In both the case at bar and *Atkinson*, the owner either made or had the repairs made. The contractor did not know and should not have been expected to know without investigation the measure of damages. "Ultimately, it is the dissatisfied party who knows best what particular phase of the construction is unsatisfactory to it." *Hopkins Construction Co. v. Reliance Ins. Co.*, 475 P.2d 223, 226 (Alaska 1970). The owner, having responsibility for and usually supervising any repair work, is in the better position to establish the measure of damages.

By placing on the contractor the burden of proving the cost to remedy defects, the *Atkinson* court created a good defense to any suit on the contract by the contractor. As observed by a concurring opinion in *BPR Construction and Engineering, Inc., v. Rivers*, 608 S.W.2d at 250:

> According to the logic of *Atkinson*, if [the contractor] proves the cost of remedying one or more defects asserted by the owner, the dilemma still exists because the court or jury may find another defect raised by the evidence, but concerning which the amount of the owner's damage has not been shown. All an owner needs to do in order to establish a defense to the contractor's entire claim, while retaining the benefit of the contractor's work, is to raise a fact issue concerning any defect, no matter how slight in relation to the total of the work performed.

The possibility of the owner's unjustifiably alleging a series of defects presents the contractor with a most onerous burden. The contractor must present evidence regarding the cost to remedy every defect, and in the absence of such proof forfeits his contract rights. The smaller his breach, the greater the forfeiture. A.L. Corbin, 3A *Corbin on Contracts* § 710 (1960).

The majority urges the fact an owner has peculiar knowledge of the damages to be proved and the onerous burden placed upon the contractor of presenting evidence of

every defect alleged by an owner may be avoided by use of Texas' broad discovery rules. Although these problems may be lessened by our discovery rules, the prodigiously unfair and awkward position of a contractor attempting to show compliance with a construction contract while simultaneously being required to establish damages from his alleged breach of that same contract is indefensible. Therefore, I would overrule our previous decision in *Atkinson v. Jackson Bros.* and adopt the rule that in an action by a party for collection of the contract price of a substantially completed construction contract the defendant, in order to avail himself of a set-off for damages sustained from incomplete or defective work, has the burden of proof as to the measure of such damages. *United States for use of Acme Maintenance Engineering Co. v. Wunderlich Contracting Co.,* 228 F.2d 66 (10th Cir.1955); *United States for Use and Benefit of Lichter v. Henke Const. Co.,* 157 F.2d 13 (8th Cir. 1946); *United States for Use and Benefit of Foster Wheeler Corp. v. American Surety Co.,* 142 F.2d 726 (2nd Cir.1944); *United States ex rel Johnson v. Morley Const. Co.,* 98 F.2d 781 (2d Cir.1938); *United States, for use of Baltimore Cooperage Co. v. McCay,* 28 F.2d 777 (D.C.1928); *Alaska State Housing Authority v. Walsh & Co., Inc.,* 625 P.2d 831 (Alaska 1980); *Charest v. Busby,* 141 So.2d 466 (La.App. 1962); *Antonoff v. Basso,* 347 Mich. 18, 78 N.W.2d 604 (1956); *Rickertsen v. Carskadon,* 172 Neb. 46, 108 N.W.2d 392 (1961); *Dyer v. Lintz,* 76 N.J.L. 204, 68 A. 908 (1908); *Charles A. Burton, Inc. v. Durkee,* 162 Ohio St. 433, 123 N.E.2d 432 (1954); *Exton Drive-In, Inc. v. Home Indemnity Co.,* 436 Pa. 480, 261 A.2d 319 (1969); *Vermont Structural Steel Corp. v. Brickman,* 126 Vt. 520, 236 A.2d 658 (1967); *De Blasio v. Town of Kittitas,* 57 Wash.2d 208, 356 P.2d 606 (1960); A.L. Corbin, 3A *Corbin on Contracts* § 710 (2d ed. 1960 and 1962 supplement) (stating the rule requiring the placing of the burden on the owner is "sensible and self-evident"); S. Williston, 6 *Williston on Contracts* § 842 (3d ed. 1962) ("The burden of establishing

the amount of the allowance for defective work falls upon the owner").

WALLACE and KILGARLIN, JJ., join in this concurring opinion.