Joe SHADDOCK, Appellant,

v.

STORM KING WINDOW COMPANY, Appellee.

No. 2–84–216–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 4, 1985.

Joe E. Shaddock, Wichita Falls, for appellant.

Oldham & Barnard and Charles M. Barnard, Wichita Falls, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal by the property owner, Joe Shaddock, defendant in the trial court, from a judgment awarding plaintiff, contractor, Storm King Window Company, $2,021.82 for installation of fifteen insulated windows in the owner's rent house. In addition, appellant was ordered to pay $3,750.00 attorney's fees.

We reverse the judgment and remand to the trial court for a new trial.

Appellant's first and fourth points of error complain of the submission of jury issues pertaining to substantial performance of the contract by appellee. The fourth point of error alleges that the issue of substantial performance should not have been submitted at all because the appellee pled only full performance. The first point of error alleges that the submission of the issue of substantial performance was defective because there was no companion issue submitted as to the difference in value between substantial and full performance to which appellant would be entitled as an offset against the contract price. We disagree with appellant that the issue of substantial performance was not supported in the pleadings, but we agree that there should have been an issue as to the difference in value between substantial and full performance since there was no finding of full performance.

There is some disagreement between the Courts of Appeals whether the doctrine of substantial performance is applicable to contract cases involving the sale of goods and whether a pleading of full performance will, therefore, support an issue of substantial performance. *See Printing Ctr. of Texas v. Supermind Pub. Co.,* 669 S.W.2d 779, 783–84 (Tex.App.—Houston [14th Dist.] 1984, no writ) criticizing *Del Monte Corp. v. Martin,* 574 S.W.2d 597, 599 (Tex.Civ.App.—San Antonio 1978, no writ). It is well settled, however, that

in cases of building and construction contracts, the doctrine of substantial performance is applicable. *Vance v. My Apartment Steak House, etc.*, 677 S.W.2d 480, 481 (Tex.1984). We hold that where the doctrine of substantial performance is applicable, a pleading of full performance will support an issue on substantial performance. Therefore, the trial court did not err in submitting an issue on substantial performance, and appellant's fourth point of error is overruled.

■■■ Substantial performance is not regarded as full performance so as to entitle its contractor to recover the full contract price. *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex.Comm'n App.1925, holding approved). The measure of damages in substantial performance cases is the full contract price less the cost of remedying those defects that are remediable. *Vance*, 677 S.W.2d at 481. Further, the burden is on the contractor to prove the reasonable cost of remedying the defects. *Id.* at 482. This doctrine, as first announced in *Atkinson*, and reaffirmed by our Supreme Court in *Vance*, places the contractor in the awkward position of helping establish the weakness of his "full performance" case by requiring him to prove the costs of remedying defects alleged by the owner, but specifically denied by the contractor.

■■■ In the case at bar, the jury found that the parties had contracted for the installation of a door and insulated windows for $1,747.00, and that the appellee substantially performed under the contract. The jury was never asked to decide, however, what amount would be necessary to remedy any remediable defects. Since there was no issue whether appellee fully performed, we cannot presume that this amount would be zero. It appears that this case was not fully developed in this regard and justice requires that the judgment of the trial court be reversed and the case remanded for a new trial. Appellant's first point of error is sustained.

In points of error two, three, five, eight, nine, ten, and eleven, appellant complains of the sufficiency of the evidence to support the verdict.

■■■ Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If the court so determines, the finding should be set aside and a new trial ordered. *Id.*

■■■ In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *See Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This Court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *See Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

■■■ A recitation of all the evidence supporting the jury's verdict would be unduly burdensome, however, it may be noted that appellee and his witnesses testified they showed appellant a sample of the windows that would be installed and explained to appellant how the windows were going to be installed and that they would "have to fill in around every one of them and trim them out with moulding" and paint them. Appellee testified the work was done in accordance with the explanation given appellant. Appellant testified he contracted for custom fit windows and that the business card of appellee states that "EVERY WINDOW CUSTOM MADE & INSTALLED FOR EXACT FIT". Appellee contends this wording is applicable only to storm

windows and not insulated windows as specified and contracted for by appellant. The card further states "[e]ach window built to our specifications by NORCO". Appellee testified that 95 percent of his business was as a dealer for NORCO storm windows but that he also was a dealer for "regular windows" from Cameron Wholesale Company. Further, that the sample window shown appellant was picked up at Cameron Wholesale and appearing thereon were the words, "ideal products, Certainteed by Cameron Wholesale." Appellee further testified that storm windows were made to fit over existing windows and that prior to installation of storm windows he would measure the existing windows that were to be covered and then would have NORCO custom make the storm windows for an exact fit over the existing windows. Further, that the price quoted appellant was for insulated windows and that NORCO did not supply insulated windows. Appellee further testified it was never his intention to install custom fit windows in appellant's house; that his discussion with appellant was not for custom-made windows but stock windows from Cameron Wholesale. Appellant disputed this testimony and insisted the contract was for custom-made, exact fit windows. The jury found in favor of appellee and against appellant on all issues related to these points. In short, they preferred to believe appellee and its witnesses over those of appellant. After reviewing the record, we hold the evidence to be sufficient to support the jury's answers.

In points of error six, seven, twelve, and thirteen, appellant complains of the sufficiency of the evidence to support the award of attorney's fees to appellee and the denial of attorney's fees to appellant. In light of our holding that this case is to be remanded for a new trial, we decline to discuss these points.

Reversed and remanded for a new trial in accordance with this opinion. Costs are assessed against appellee.