Garry **BALES** and Mary Jane Bales, Appellants,

v.

Troy S. **MARTIN**, Jr., Appellee.

No. 04–86–00377–CV.

Court of Appeals of Texas, San Antonio.

July 29, 1987.

Maida Modgling, Hondo, for appellants.

Robert Lynn McGowen, Devine, Grady L. Roberts, Pearsall, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

CHAPA, Justice.

This appeal arises from the construction of a home by Troy S. Martin, Jr. (hereinafter Martin) for Garry and Mary Jane Bales (hereinafter Bales). Bales' cause of action was grounded in allegations of deceptive trade practices, negligence, breach of express and implied warranties, and breach of contract. Martin's cross-action was grounded on a sworn account for addi-

tional items requested by Bales which it is alleged has not been paid. Martin also pled substantial performance in his third amended original answer.

The record reflects that the completion date on the home was April 1, 1983, made necessary by Bales' desire to receive a tax credit for the sale of Mrs. Bales' previous residence. The home was not completed on April 1, 1983, but Bales moved in before the house was fully completed to take advantage of the tax credit. The balance due on the original contract was paid to Martin upon moving in because the house had to be completed in order for Bales to receive their tax credit. A dispute arose between Bales and Martin regarding the extra items not covered by the contract. As a result, Bales ordered Martin off the job site and Martin could not finish the job under the terms of the contract. The lawsuit in question resulted, and the case was tried to the court.

The court rendered judgment for Bales in the sum of $8,000.00 in damages and $3,500.00 in attorney's fees for trial, $4,500.00 attorney's fees if appealed to the Court of Appeals, $1,500.00 attorney's fees if a writ of error is applied for to the Supreme Court, and $1,000.00 attorney's fees if a writ is granted to the Supreme Court. Martin was awarded damages by the trial court in the amount of $1,768.29 on his counter-claim for extras and $750.00 attorney's fees.

In point of error number one, Bales contends the Findings of Facts and Conclusions of Law do not support the trial court's judgment. Strangely, Bales contends that the Findings of Facts and Conclusions of Law negate all the theories of recovery which were pled. This could possibly cause their judgment for damages and attorney's fees to be remitted.

In the case at bar, the Findings of Facts and Conclusions of Law specifically find: against Bales on deceptive trade practices, negligence, breach of contract, and breach of warranty; substantial compliance on the part of Martin; the contract was not completed due to the actions of Bales; the amount of $8,000.00 was the necessary and reasonable cost of completing the house in a good and workmanlike manner; Bales was entitled to recover $3,500.00 as attorney's fees for trial, $4,500.00 as attorney's fees if appealed to the Court of Appeals, $1,500.00 attorney's fees if a writ of error is applied for to the Supreme Court of Texas, and $1,000.00 attorney's fees if a writ of error is granted by the Supreme Court of Texas; Martin was entitled to $1,768.29 on the extra work done on the house in question; and that Martin was entitled to $750.00 for his attorney's fees.

It is a well established rule in Texas that when a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable. *Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d 480 (Tex. 1984). The Findings of Facts and Conclusions of Law sustain a judgment based on the law of substantial compliance. Under the circumstances present here, the $8,000.00 found to be the necessary and reasonable cost of completing the contract was in effect the cost of remedying those defects that were remediable. *Vance*, 677 S.W.2d 480. Point of error number one is overruled.

In point of error number two, Bales complains that the Findings of Facts and Conclusions of Law are in conflict with each other. We disagree. A careful review of the Findings of Facts and Conclusions of Law fails to disclose what conflict Bales refers to. Further, other than general allegations covered in the discussion of point of error number one, Bales' brief fails to specifically set out the conflicts. The point is therefore overruled.

Point of error number three is a restatement of Bales' argument pertaining to point of error one, which has been discussed heretofore. Thus this point is rendered moot.

The judgment is affirmed.