Affirmed as Modified and Opinion filed October 29, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00595-CV

____________

 

O AND B FARMS, INC. AND B AND O
FARMS, LLC,
Appellants

 

V.

 

ELDON JAY BLACK, KEVIN LEE DONAHOO,
THOMAS D. HORRELL, JR., CHARLES R. WEEKS, RONALD R. SWISSHELM, AND CASEY ROSS
GRAY,
Appellees

 



 

On Appeal from the 220th
District Court

Hamilton County, Texas

Trial Court Cause No. CV-06-02906

 



 

O P I N I O N








Appellants O and B Farms, Inc. and B and O
Farms, LLC (collectively AO&B@) appeal from a
post-trial judgment entered in favor of appellees Eldon Jay Black, Kevin Lee
Donahoo, Thomas D. Horrell, Jr., Charles R. Weeks, Ronald R. Swisshelm and
Casey Ross Gray.  In six issues, O&B argues that the evidence is legally
insufficient to support several of the jury=s answers, that
appellees= tort claims are legally barred, and that there is no
basis to support an award of exemplary damages.  We modify the trial court=s judgment and
affirm as modified.

BACKGROUND

O&B hires truck drivers to haul
agricultural and non-agricultural loads to it customers.  Appellees are all
truck drivers who worked for O&B at various times between July 2002 and
April 2005.  Their compensation for non-agricultural loads was based on a
percentage of the total amount O&B received from the delivery customer. 
Beginning in the summer of 2004 and continuing through April 2005, O&B
charged its customers on non-agricultural loads a fuel surcharge but did not
include the amount of the surcharge in the total from which the drivers= pay was
calculated.

Appellees sued O&B after learning of
this practice.  They claimed breach of contract, arguing that their
compensation agreements with O&B, which were not in writing, required
O&B to pay drivers based on the entire amount paid by the customer,
including the fuel surcharges.  Appellees also claimed fraud and conspiracy to
commit fraud, asserting that the documents used to calculate driver pay
constituted misrepresentations because they did not include the fuel
surcharges.  The jury found that O&B breached its contracts with appellees
and awarded damages ranging from $900 to $6,300 per driver, based on a formula
appellees used to estimate the number of non-agricultural loads hauled in their
respective tenures and the amount of fuel surcharge on each load.  The jury
also found that O&B engaged in fraud and was part of a civil conspiracy to
commit fraud, but appellees did not request a separate damages finding for
fraud based on their theory that one was not necessary because the fraud and
contract damages were identical.  Finally, the jury found $3,350 in reasonable
and necessary attorney=s fees and awarded exemplary damages for
each driver in an amount that equaled twenty percent of the contract damages
awarded that driver.  This appeal followed.








On appeal, O&B raises the following
issues:  (1) the evidence is legally insufficient to support the award of
attorney=s fees, (2) there
is no basis to award exemplary damages because there was no finding of an
independent tort with actual damages, (3) the evidence is legally insufficient
to support a finding of fraud, (4) the evidence is legally insufficient to
support a finding of civil conspiracy, (5) the economic loss rule bars any tort
claims, and (6) the evidence is legally insufficient to support an award of
actual damages.  

ANALYSIS

A.      Fraud

In its third issue, O&B argues the
evidence is legally insufficient to support the jury=s fraud finding. 
In a legal sufficiency or no evidence review, we determine whether the evidence
would enable reasonable and fair‑minded people to reach the finding under
review.  See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
In conducting this review, we credit favorable evidence if reasonable jurors
could and disregard contrary evidence unless reasonable jurors could not.  See
id.  We must consider the evidence in the light most favorable to the
finding under review and indulge every reasonable inference that would support
it.  See id. at 822.  We must, and may only, sustain no evidence points
when either the record reveals a complete absence of evidence of a vital fact,
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, the evidence offered to prove a
vital fact is no more than a mere scintilla, or the evidence establishes
conclusively the opposite of the vital fact.  Id. at 810. 








O&B contends that there is no evidence
of reliance, which is an essential element of any fraud claim.  See Haase v.
Glazner, 62 S.W.3d 795, 798 (Tex. 2001); Gray v. Waste Res., Inc.,
222 S.W.3d 522, 524 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  A
fraud plaintiff must prove that based on the alleged misrepresentation, he
either took an action or failed to take an action, which caused him harm.  See
Van Marcontell v. Jacoby, 260 S.W.3d 686, 691 (Tex. App.CDallas 2008, no
pet.); TCA Bldg. Co. v. Entech, Inc., 86 S.W.3d 667, 674 (Tex. App.CAustin 2002, no
pet.).  Appellees presented no evidence of any action taken or not taken in
reliance on the alleged misrepresentations.[1] 
For example, there is no evidence that they passed up the opportunity to drive
other higher paying loads or that they could have quit their jobs with O&B
and obtained a better paying job.  See Johnson & Johnson Med., Inc. v.
Sanchez, 924 S.W.2d 925, 928, 930 (Tex. 1996) (rendering take nothing
judgment on fraud claim because plaintiff did not show detrimental reliance on
employer=s promise of job
recall after layoff by, for example, turning down other job offers).  Indeed,
the testimony from three drivers showed that truck driving jobs in the area
were difficult to obtain at that time.  Without evidence that they suffered an
actual loss based on an action they did or did not take in reliance on O&B=s alleged
misrepresentations, appellees= fraud claims fail.  See Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 (Tex. 2002); Johnson
& Johnson, 924 S.W.2d at 930.  We sustain O&B=s third issue.

In its second issue, O&B argues there
is no basis to award exemplary damages without a finding of liability and
damages on a tort. See Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d
299, 304 (Tex. 2006) (exemplary damages available for fraud but not contract
claims).  Because we have determined that no legally sufficient evidence
supports appellees= fraud claims, we sustain this issue as
well.  We also sustain O&B=s fourth issue because without a fraud
finding, there is no underlying tort to support a civil conspiracy finding.  See
Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 583
(Tex. 2001).  Finally, we need not consider O&B=s fifth issue in
which it alleges the economic loss rule bars appellees= tort claims
because we have rejected those claims on other grounds.

B.      Damages








In its sixth issue, O&B asserts that
the evidence is legally insufficient to support the jury=s award of actual
damages to appellees.  Neither O&B nor the drivers had complete records
showing either the exact number of non-agricultural loads each driver hauled or
the amount of the fuel surcharge on each load.  Instead, each driver estimated
that he hauled an average of 1.5 non-agricultural loads per week and that the
average fuel surcharge on each load was $400.  They based their estimates on
data gathered from the driving records available for all the drivers.  They
then asked the jury to use that information, along with the weeks they worked
and the percentage to which each was entitled, to derive the amount of actual
damages.

O&B argues that the damages award is
based on speculation and conjecture because the drivers do not have documents
showing the actual number of non-agricultural loads hauled or the fuel
surcharge amount on each load.  According to O&B, the damages calculation
formula appellees used ignores the actual number of non-agricultural loads
hauled, the actual fuel surcharge amount, and whether a driver=s tenure
corresponded to the time frame the fuel surcharge was in effect.

Damages must be established with
reasonable certainty, not mathematical precision.  See Qaddura v.
Indo-European Foods, Inc., 141 S.W.3d 882, 890 (Tex. App.CDallas 2004, pet.
denied); State v. Buckner Constr. Co., 704 S.W.2d 837, 843B44 (Tex. App.CHouston [14th
Dist.] 1985, writ ref=d n.r.e.).  If the fact of damages has
been established, then the inability to calculate the exact amount of damages
is not fatal.  See Qaddura, 141 S.W.3d at 890; Anderson, Greenwood
& Co. v. Martin, 44 S.W.3d 200, 219 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  If the best available evidence affords a reasonable
basis for the jury to calculate damages, then recovery cannot be denied because
the exact amount of damages cannot be ascertained.  See Vance v. My
Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480, 484 (Tex. 1984);
Buckner, 704 S.W.2d at 843B44.








O&B does not contest that, based on
the jury=s breach of
contract finding, appellees were damaged.  The issue then is the amount of
damages, which could not be calculated precisely because the necessary
documents no longer exist.  The formula used to calculate damages is based on
estimates of the number of non-agricultural loads hauled and the fuel surcharge
amount per load, and those estimates were based on the available documents.  It
was up to the jury to determine how to apply the formula to each driver.  See
El Paso Natural Gas Co. v. Minco Oil & Gas Co., 964 S.W.2d 54, 71 (Tex.
App.CAmarillo 1997)
(affirming damages award, noting that fact finder could have discredited some
of the figures derived from the application of the damages equation), rev=d on other grounds, 8 S.W.3d 309
(Tex. 1999); see also Anderson, 44 S.W.3d at 219 (stating that jury has
discretion to award damages within the range of evidence presented at trial). 
O&B does not allege that the jury=s application of
the formula actually resulted in a specific improper damages award to any
driver based on their individual circumstances.  We conclude the damages
formula gave the jury a reasonable basis to calculate appellees= damages.  See
Qaddura, 141 S.W.3d at 891 (finding sufficient evidence to support damages
award based on plaintiff=s calculation to estimate amount of
sales); see also Vance, 677 S.W.2d at 484; Buckner, 704
S.W.2d at 843B44.  We overrule O&B=s sixth issue.

C.      Attorney=s Fees

In its first issue, O&B asserts that
the evidence is legally insufficient to support an award of attorney=s fees.  The jury
was asked to determine Aa reasonable fee for the necessary
services@ of appellees= attorney and
awarded $3,350.  O&B argues the evidence is insufficient to show that
amount was reasonable and necessary.  Appellees= attorney=s testimony in
support of attorney=s fees was very brief.  After stating
where he went to law school, counsel testified that he had been practicing law
for eight years, Awas familiar with rates . . . charged by
attorneys,@ and had spent about 172 hours on the case.  He
explained that he had a contingent fee contract with the appellees that
provided he would receive one-third of any recovery as his fee.








This evidence is insufficient to support
an award of attorney=s fees.  The jury was asked to award
reasonable and necessary attorney=s fees, but
appellees did not provide sufficient evidence for the jury to evaluate what was
reasonable and necessary.  A contingent fee agreement alone is not a sufficient
basis to determine an appropriate fee award.  See Arthur Andersen & Co.
v. Perry Equip. Corp., 945 S.W.2d 812, 818B19 (Tex. 1997); San
Antonio Credit Union v. O=Connor, 115 S.W.3d 82,
105B06 (Tex. App.CSan Antonio 2003,
pet. denied).  That a plaintiff and his attorney agree on a fee does not
establish that such a fee is reasonable and appropriate to shift to the
defendant.  Arthur Andersen, 945 S.W.2d at 818.  Rather, a plaintiff
must request a specific amount of fees, not a percentage of the damages, and
must show that the amount requested is reasonable and necessary.  See id.
at 819; Castle Tex. Prod. Ltd. P=ship v. Long
Trusts, 134 S.W.3d 267, 278B79 (Tex. App.CTyler 2003, pets.
denied); San Antonio Credit, 115 S.W.3d at 106.  Factors to consider
when determining if a fee request is reasonable are:

(1) the time and labor required,
the novelty and difficulty of the questions involved, and the skill required to
perform the legal service properly;

(2) the likelihood . . . that the
acceptance of the particular employment will preclude other employment by the
lawyer;

(3) the fee customarily charged in
the locality for similar legal services;

(4) the amount involved and the
results obtained;

(5) the time limitations imposed by
the client or by the circumstances;

(6) the nature and length of the
professional relationship with the client;

(7) the experience, reputation, and
ability of the lawyer or lawyers performing the services; and

(8)
whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered.    








Arthur Andersen, 945 S.W.2d at 818 (quoting Tex. R. Disciplinary P. 1.04, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit.
G app. A-1 (Vernon 2005) (alteration in original)).  Counsel=s bare testimony
of the name of his law school, his years practicing, and the hours he worked on
the case does not establish that any particular fee is reasonable.  Indeed,
though he testified he is familiar with the rates attorneys charge, he did not
specify to which attorneys he was referring and never stated that their fees
are reasonable.  Further, he did not request a specific amount of fees, instead
testifying that appellees had agreed to pay him a percentage of their recovery.[2] 
We conclude that this evidence is legally insufficient to give the jury a basis
for determining that any amount of attorney=s fees was
reasonable and necessary.  See Arthur Andersen, 945 S.W.2d at 819; see
also San Antonio Credit, 115 S.W.3d at 106B07 (rendering take
nothing judgment on attorney=s fees claim, noting claimant relied on
contingent fee and did not present evidence Athat a specific
amount of money was a reasonable attorney=s fees award@).  We sustain
O&B=s first issue.

CONCLUSION

We conclude that the evidence is legally
insufficient to support the jury=s verdict on
appellees= fraud and civil conspiracy claims or to support an
award of attorney=s fees or exemplary damages.  Accordingly,
we modify the trial court=s judgment to reflect that appellees take
nothing on their fraud and civil conspiracy claims and to delete the award of
attorney=s fees and
exemplary damages.  We affirm the judgment as modified.

 

 

/s/      Leslie
B. Yates

Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.









[1]  Appellees concede they are not claiming they were
fraudulently induced to enter their employment agreements with O&B.





[2]  Counsel did testify that he incurred $3,377.53 in
litigation expenses but was clear on both direct and cross examination that
these were not fees, and the jury was asked only to assess fees.