**DAVE BOOTHE CONSTRUCTION, INC., Appellant,**

v.

**Helen JOHNSON, Appellee.**

**No. C14–85–330CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1985.

Stephen W. Baker of Baker & Lain, P.C., Galveston, for appellant.

Clifford J. Hayes, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal by Dave Boothe Construction, Inc., (appellant or contractor) from a take-nothing judgment rendered in its suit against Helen Johnson (appellee or owner) to recover on an oral construction contract for repairs to appellee's house following damage caused by hurricane Alicia. In ten points of error the appellant claims the trial court erred in finding that there was an oral contract between Dave Boothe as an individual and appellee and not with appellant as a corporation, in finding that the repairs were not completed in a good and workmanlike manner, in finding that the reasonable value of the completed work was $28,000.00 rather than $38,800.00, and in admitting into evidence copies of checks showing payments made by appellee towards the consideration due on the contract. We find no error and affirm.

In September of 1983 appellee met with her insurance claims adjuster and appellant to discuss the cost of repairs to appellee's Jamaica Beach house in Galveston, Texas. After the adjuster and appellant agreed on the repair costs, appellant and appellee agreed that appellant would repair the house in return for the proceeds from appellee's insurance claim, an amount which both parties agree was $38,800.00. Appellant began the repairs in mid-September of 1983 with the work completed in January of 1984. During this time appellee paid appellant a total of $28,000.00. When she refused further payment, appellant brought suit to recover $6,085.00, which represents the contract price less the $28,000.00 already paid by appellee, $2,315.00 for items purchased by appellee and $2,400.00 for air conditioning costs. During trial, which was to the court, the appellant produced witnesses who supported Dave Boothe's testimony that the work was substantially completed down to the "punch list" items (i.e., finishing details pointed out by appellee) to the satisfaction of appellee, except for additional "punch list" items not made known to appellant until the time of trial. Appellant and his witnesses further testified the work was done in a good and workmanlike manner; therefore, appellant claims, he is entitled to recover the entire contract price of $38,800.00 less the offsets listed above. Appellee and her witnesses testified that appellant charged too much for the work that was done and that the work was of poor quality; therefore, according to the appellee, she does not owe appellant anything further on the contract price beyond the $28,000.00 already paid. Both sides produced detailed testimony and exhibits on the quality of work done on the house.

After the trial concluded, the trial court entered a take-nothing judgment against appellant, finding that there was an oral contract between Dave Boothe as an individual and appellee which required Boothe to repair appellee's house in a good and workmanlike manner in return for the insurance claim proceeds, that Boothe substantially completed the work but not in a good and workmanlike manner, and that the reasonable value of the work completed was $28,000.00, the amount already paid by appellee.

In points of error seven through ten the appellant alleges the trial court erred in finding that the reasonable value of the

completed work was $28,000.00 and in failing to find the reasonable value was $38,800.00.

We note at the outset that the evidence shows there were defects in the quality of the work done by appellant; therefore, the central and dispositive issue on appeal is whether the trial court applied the correct measure of damages in a situation where the evidence shows and the parties agree that the contractor has substantially completed the work he was hired to do.

The doctrine of substantial performance is merely an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of action for quantum meruit. The doctrine does not, however, permit the contractor to recover the full consideration provided for in the contract. By definition, this doctrine recognizes that the contractor has not totally fulfilled his bargain under the contract, i.e., he is in breach. Nonetheless, he is allowed to sue on the contract, but his recovery is decreased by the cost of remedying those defects for which he is responsible. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984).

When a breaching contractor brings suit to recover for his substantial performance and the owner alleges remediable defects in the construction, the contractor is required to prove that he did substantially perform, the consideration due him under the contract, and the cost of remedying the defects due to his errors or omissions. *Id.* at 483. Thus it is the contractor's burden to provide evidence from which the trier of fact can properly measure the deductions necessary to remedy the defects and omissions. *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex. Comm'n App.1925, holding approved). *See also Zion Missionary Baptist Church v. Pearson*, 695 S.W.2d 609 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Appellant argues that appellee failed to allege any remediable defects before trial since she filed only

a general denial. The Texas Supreme Court addressed the tools available in the Texas Rules of Civil Procedure by which a contractor may both require the owner to define any alleged defects and preclude the owner from raising defects not previously disclosed to the contractor. *Vance*, 677 S.W.2d at 483. As appellant failed to present any evidence on the cost of remedying the defects, it has failed to sustain its burden of proof. We therefore overrule points of error seven through ten. As the issue raised by these points of error is dispositive of this appeal, the remaining points of error need not be addressed. The judgment is affirmed.