**Paul BECKER, et al, Appellants,**

v.

**Milton TAYLOR, Appellee.**

**No. A14–88–004–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1988.

Meyer Jacobson, Houston, for appellants.

Forrest E. Jackson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a judgment based upon jury findings in a breach of contract action. The issue before us concerns the manner in which substantial performance questions were submitted to the jury. We reverse.

Appellee, plaintiff in the trial court, contracted with appellant to do certain plumbing work on some apartments. Appellee filed suit alleging he had fully complied

with all the terms of the contract but that appellants still owed and refused to pay some $14,770 due under the contract. Appellants answered with a general denial and further alleged they had overpaid appellee the sum of $6,520 under the contract for which sum they filed a cross action.

The case was submitted to the jury on the theory of substantial performance. In answer to the first question the jury found appellee had substantially performed the plumbing work under the contracts. In answer to the second question the jury found appellants failed to pay for the plumbing work in accordance with the contracts in question; the answer to question three found $13,040 to be the amount of money owed by appellants, and the answer to question four set attorneys fees. Question five was predicated upon a "no" answer to the first question (on substantial performance) and inquired of the amount of money necessary to complete the contract in question. It, of course, was not answered by the jury. Appellants objected to the court predicating question five on a negative finding of substantial performance and submitted a "Requested Special Issue A" inquiring "what sum of money, if any, do you find from a preponderance of the evidence was necessary to remedy any remediable defects?" The trial court endorsed his refusal thereon.

In their first point of error appellants contend the court erred in refusing their "Requested Special Issue A" because "such issue is required under Texas law to be submitted in a substantial performance case."

 It is well settled that when a contractor has substantially performed under a contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480 (Tex.1984). It is the contractor's burden to provide evidence from which the trier of fact can properly measure the deductions, if any, necessary to remedy the defects or omissions. *Dave Boothe Construction, Inc. v. Johnson*, 705 S.W.2d 204 (Tex.App.—Hous-

ton [14th Dist.] 1985, no writ). Appellee argues, however, that these cases are not applicable because in each of those cases it was not disputed that the contracts were not fully performed, but here, it was uncontroverted that the contracts were completed according to the terms thereof. We do not agree. Appellee Ryssel testified as to deficiencies in the plumbing work that was called to the attention of appellee but that appellee refused to remedy them; that we (appellant) "remedied the problems."

The testimony is confusing, to say the least, and the record shows that the trial judge was extremely patient throughout the trial in attempting to clarify matters for the benefit of the jury. The record does not reveal whether the substantial performance issue was submitted by appellant or whether the trial judge decided that it was required by the evidence and submitted it without a request from appellee. In the final analysis though, it is immaterial. Once the case was submitted upon the theory of substantial performance, it was incumbent upon the court to submit an unconditioned issue on the cost, if any, of remediable defects. Appellants' first point is sustained.

The judgment is reversed and remanded.