Malcolm GAY and wife, Jean
Gay, Appellants,

v.

John W. STRATTON, d/b/a the
Curiosity Shoppe, Appellee.

No. 8477.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 29, 1977.

Rehearing Denied Dec. 27, 1977.

Royce Coleman, J. Ray Martin, Denton,
for appellants.

K. Mark Pistorius, Dallas, for appellee.

RAY, Justice.

This is a suit on a building contract. Appellee (plaintiff), John W. Stratton, brought suit against appellants (defendants), Malcolm Gay and wife, Jean Gay, to recover the unpaid balance on the cost of construction of a dwelling. The jury rendered a verdict in favor of Stratton and the trial court accordingly entered its judgment for $14,591.34 and ordered foreclosure. Appellants have perfected their appeal and submit three points of error for our consideration.

Appellants contend that the contract provided for a guaranteed maximum cost to the Gays of $79,599.50 including a maximum builder's fee of $7,800.00. Appellants further contend there was no evidence of any meeting of the minds of Stratton and the Gays to abandon or modify the building contract and that the jury erred in concluding that the building contract was a cost plus contract with a maximum builder's fee of $7,800.00, but no guaranteed maximum cost of construction.

Appellants state that the resolution of this appeal turns upon the proper construction and correct application of the first four paragraphs of the contract. The jury found that the parties had entered into a building contract and agreement in which Stratton was to build a house for the Gays; that Stratton paid $84,991.34 for material and labor that were put into the house; that Stratton was entitled to $7,800.00 as his profit; that Stratton was entitled to $14,-591.34 from the Gays after adjustments for amounts already paid to him; that at the time Stratton signed the contract he intended to construct the house for an amount not to exceed $79,599.50; that Stratton knew or should have known the costs to construct

the house at the time of the agreement; that the Gays would have signed the contract if they had known that construction costs would exceed $79,599.50; and, that the Gays knew construction costs had exceeded $79,599.50 prior to the completion of the house in question.

The third paragraph of the contract is as follows:

"THIRD: This contract is on a *cost plus basis*, with a limit as to the amount of the sum to be paid to contractor as his percentage fee above the costs of labor and materials, the contractor is to furnish all materials and labor to finish the house with a complete turnkey job and a rough estimate of the costs of construction are *estimated* at $79,599.50. It is agreed that the contractor will receive for his services the amount of 11.5% of the costs of labor and material for his fee in building said residence, with a *ceiling* of the total amount to be paid to the contractor as his profit of $7,800, even though the total price of labor and materials shall exceed the sum of $67,826.50. In the event the costs shall be less than $67,826.50, the amount paid as profit shall be determined by taking 11.5% per cent of the actual costs of labor and materials in the construction." (Emphasis added.)

A "cost-plus-fixed fee contract" is one under which one of the parties undertakes to pay all costs incurred by the other party in the performance of his contractual duties, plus a fixed fee over and above such reimbursable services. 17 C.J.S. Contracts § 10, p. 582. This is exactly the same definition contained in 9A Words and Phrases, p. 606, under the heading "Cost Plus A Fixed Fee Contract." It is further stated at page 607, supra, under the heading, "Cost Plus Contract," that:

"A 'cost-plus contract' as generally understood is one under which the total cost of the contractor represents the whole payment to be made to him, plus a stated percentage of such cost as his profit. *Grothe v. Erickson*, 59 N.W.2d 368, 370, 157 Neb. 248."

■ From our examination of the contract, we have concluded that the judgment of the trial court is correct. The contract is plain and unambiguous and is a simple cost plus a fixed fee contract in which the contractor is to be reimbursed for costs of materials and labor by the owner and is to receive a stated percentage of such costs as his profit, not exceeding $7,800.00. While there was a ceiling on the amount to be paid to the contractor as his profit, there was no such ceiling on the costs of construction. The costs of construction were *estimated* to be $79,599.50, but the contract does not declare that such amount would be the total price of labor and materials for which appellants would be obligated to pay under the cost plus contract. The total cost of material and labor was established as the sum of $84,991.34.

■ Appellants have failed to demonstrate that the contract was ambiguous such that parol evidence could be introduced to determine the intent of the parties. The cardinal rule to be observed in the construction of contracts is to ascertain and give effect, whenever possible, to the real intentions of the parties, as that intention is revealed by the language used in the agreement. *Brown v. Palatine Ins. Co.*, 89 Tex. 590, 35 S.W. 1060 (1896). Further, when a contract is before the court for construction, the court will ascertain the intention of the parties from the language contained within the instrument itself. *Alderman v. Alderman*, 296 S.W.2d 312, 315 (Tex.Civ.App. San Antonio 1956, writ ref'd); 13 Tex.Jur.2d, Contracts, Sec. 113, p. 269.

Appellants' first and third points of error are overruled. In view of our holdings related to points of error one and three, point of error number two is not reached.

We have independently reviewed the contract as if it might be ambiguous, though we have held that it was not, and conclude that even under those circumstances, the evidence would support the jury's verdict and the trial court's judgment.

The evidence supports the jury's verdict as it relates to the damages awarded by the trial court.

The judgment of the trial court is affirmed.