**Ricky LEE and wife, Lou Ann Lee, and Randy Lee and wife, Cynthia Lee, Appellants,**

v.

**Stanley ARDOIN, d/b/a Ardoin & Ardoin, Appellee.**

**No. 09 83 148 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Jon Burmeister, Nederland, Thomas G. King, Beaumont, for appellants.

Tommy Gunn, Donald Kelley, George Barron, Orange, for appellee.

## OPINION

McNICHOLAS, Justice.

This is an appeal by Ricky Lee and wife, Lou Ann Lee and Randy Lee and wife, Cynthia Lee, appellants, from a judgment awarded in a non-jury trial in favor of Stanley Ardoin, d/b/a Ardoin & Ardoin, appellee. The dispute arose out of two transactions wherein the appellants contracted with appellee, a building contractor, for the construction of two (2) houses, on a *cost-plus* basis with the appellee to receive 10% of the cost for his services. A builder's and mechanic's lien contract in favor of appellee was executed by each appellant, along with promissory notes which were collaterally assigned to Allied Merchants Bank.[1]

After the houses were substantially completed according to the plans and specifications as modified, the parties were unable to complete the transactions when a dispute arose over the total cost and quality of the two houses. Suits were filed by appellee against each appellant seeking foreclosure and judgment for amounts still owed and were consolidated by the trial court. In both suits appellee named several subcontractors who were still owed sums due for labor and materials, alleging that appellants were responsible for payment to them and sought damages which included the amounts still owed subcontractors.

The bank joined, asking payment and foreclosure of their collaterally assigned obligations. Several of the subcontractors intervened, some being represented by the same counsel as appellee.

The trial court appointed a master in chancery to hear facts and make factual and legal recommendations, but with the strict limitation that the trial court "may

1. The Randy Lee, et ux note was for $136,000.00 and the Ricky Lee, et ux note was for $111,200.00.

confirm, modify, correct, reject, reverse or recommit the report, after it is filed."

The trial court did not accept all of the master's recommendations or findings, and awarded judgment for appellee and against appellants, which included amounts claimed by the subcontractors. The court directed that the appellee pay the subcontractors out of said judgment but did not specify nor set out what amounts or what subcontractors were to be paid. The trial court also granted the bank a judgment and foreclosure against appellants and appellee.

Neither the bank nor any subcontractor appealed.

Appellants' first two points of error complain of the trial court's disregarding the master's findings and awarding appellee an amount which included the subcontractors claims. Points of error three and four contend there was no showing that the expenses of the contractor and subcontractors were reasonable and necessary and there was no evidence or insufficient evidence to support the judgment.

■ This was a non-jury trial, and as no findings of fact or conclusions of law requested, none were filed. Therefore, the court's judgment implies all facts necessary to support the judgment and we will affirm the judgment if it can be upheld on any legal theory finding support in the evidence. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977) and authorities cited therein.

■ Appellants' argument that the trial court erred in awarding a lump sum which included subcontractors' claims is based on *TEX.REV.CIV.STAT.ANN. art. 5463*, (Vernon 1961) (the "trapping statute" whereby subcontractors can trap funds in the owners' hands not yet paid to the general contractor) and *TEX.REV.CIV.STAT.ANN. art. 5469* (Vernon 1961) (the "retainage statute" whereby the owner must retain 10% of the contract price, and on failing to

do so, may be subject to a subcontractors lien to the extent of the 10% to secure payment to the subcontractors).[2] Appellants cite *First National Bank in Graham v. Sledge*, 653 S.W.2d 283 (Tex.1983) and *Da-Col Paint Manufacturing Co. v. American Indemnity Co.*, 517 S.W.2d 270 (Tex.1974). Unlike the above cases, involving a bankrupt contractor with a sum certain for the contract price, our facts are entirely different. The contract was a cost-plus agreement, and appellant made no objection to the finding of the master or the trial court that appellee had substantially performed and could enforce payments due and owing under the contract agreement. *Bernhardt v. McGuire & Pritchard*, 607 S.W.2d 8 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). *Warren v. Denison*, 563 S.W.2d 299, 303 (Tex.Civ.App.—Amarillo 1978, no writ); *Perryman v. Sims*, 506 S.W.2d 753 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). The total cost of the houses was due and owing, which included subcontractors' claims and the 10% prime contractor's fee, under the agreements. This the trial court found and we agree with that finding.

The suit was for breach of contracts and for monies due and owing for the total cost of the houses. The trial court found there was a breach, and entered judgment accordingly which was supported by the evidence. With that decision we find no error.

■ Appellants further contend that the trial court erred in granting any judgment because there was no showing that the expenses of the contractor and subcontractors were reasonable and necessary. Appellants' answer and counter-claim alleged the houses were not completed on time and certain items were not installed, but in their motion for new trial no point of error is ever brought forth with respect to the total cost or delay. Nor did appellants plead, prove, or claim fraud, accident or mistake. Appellee sued for breach of a cost-plus contract, and had to prove only the contract—which appellants admitted

---

**2.** *TEX.REV.CIV.STAT.ANN. arts. 5463 and 5469* (Vernon 1961) are now repealed by Acts 1983, 79th Leg., p. 3729, ch. 576, sec. 6, effective January 1, 1984.

689

executing, the breach, and the total costs in order to recover. *Douglas v. McLure*, 254 S.W.2d 876 (Tex.Civ.App.—Amarillo 1952, writ dism'd). *See Warren Bros. Co. v. A.A.A. Pipe Cleaning Co.*, 529 S.W.2d 779 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Doyle v. Second Master-Bilt Homes, Inc.*, 453 S.W.2d 226, (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). Unlike *Foust v. Hanson*, 612 S.W.2d 251 (Tex.Civ.App.—Beaumont 1981, no writ), cited by appellants, this was a cost-plus contract, requiring proof of the costs only, and thus reasonableness for "extras" was not a requirement in the proof.

■ In reviewing the record to determine if any evidence supports the judgment and the implied findings of fact evident thereto, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). Applying this rule of law to the case at bar, we find ample testimony to support the trial court's judgment.

Appellants points of error are overruled and the judgment of the trial court is

AFFIRMED.