**Michael BURDITT, et ux., Appellants,**

v.

**John E. SISK, d/b/a J & A Construction Company, Appellee.**

**No. 13–85–153–CV.**

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

O. Steven Jones, Victoria, for appellants.

W.C. Roberts, Jr., Dallas, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This suit was brought by appellee, John E. Sisk d/b/a J & A Construction Company, as general contractor for construction of a log house for appellant, Michael Burditt, and was tried on two theories of recovery: substantial performance and quantum meruit. After favorable findings on the special issues submitted to the jury, judgment was entered for appellee in the sum of $9,528.00 plus attorney's fees of $7,880.00 and court costs. We affirm the judgment of the trial court.

Appellee Sisk commenced this action against appellant Burditt to recover under a contract for construction of a log home. The agreement was that Burditt would pay for all costs of construction, including labor and materials, an hourly wage for Sisk's actual labor and a contractor's fee equalling 5% of the total costs. Sisk left the job before the house was 100% completed and Burditt refused to pay the contractor's fee. Sisk filed a mechanic's lien against the property and then filed suit for his 5% contractor's fee.

The suit was brought and tried on the theories of substantial performance and quantum meruit. A jury, answering fourteen special issues, made favorable findings for Sisk on both theories of recovery and unfavorable findings for Burditt on his counterclaim for defective workmanship and slander of title.

Jean Burditt, wife of Michael Burditt, was non-suited out of the case at the end of trial. She is not a party to this appeal. Though non-suited, she has been included in the style of the pleadings filed herein after entry of judgment.

Appellant's first and second points of error complain of the submission of special issue 14 on attorney's fees because there was no evidence offered upon which the jury could have made a finding.

Appellee's counsel, the Honorable W.C. Roberts, Jr., testified that he spent 26.6 hours working on the case prior to trial and 24 hours in trial. Appellee and his attorney each testified that Mr. Roberts would be paid $150.00 per hour for his legal services.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L. Rev. 361 (1960).

We find that there was evidence upon which the jury's finding could have been based. However, we believe this was not appellant's true complaint in points of error one and two, despite the "no evidence" language.

Although the case was submitted to the jury on two alternate theories of recovery, substantial performance and quantum meruit, appellee's counsel did not testify as to what portion of his time was spent prosecuting the contract action and what portion was spent prosecuting the quantum meruit cause of action. Appellant argues that because the time spent on the case was not allocated between the two theories of recovery, then no evidence has been offered to support the allowance of attorney's fees.

■ Attorney's fees may be recovered in a claim for "rendered services" or for an oral contract, so recovery of attorney's fees in this case would be proper under either of the two theories of recovery. TEX.CIV. PRAC. & REM. CODE § 38.001 (Vernon Supp.1986). *See Olivares v. Porter Poultry and Egg Co.*, 523 S.W.2d 726 (Tex.Civ. App.—San Antonio 1975, no writ).

■ However, even if attorney's fees were not recoverable under both theories of recovery, as we stated in *De La Fuente v. Home Savings Association*, 669 S.W.2d 137, 146 (Tex.App.—Corpus Christi 1984, no writ), "where recovery is had on each cause of action or *where the causes of action are so intertwined as to be more or less inseparable*, the total amount of attorney's fees may be awarded, if the attorney's fees are authorized by the causes upon which recovery is had." [emphasis added] *See Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 585 (Tex. App.—Houston [14th Dist.] 1983), *aff'd in part and rev'd in part*, 704 S.W.2d 742 (Tex.1986); *Schepps Grocery Co. v. Burroughs Corp.*, 635 S.W.2d 606 (Tex.App—Houston [14th Dist.] 1982, no writ).

■ In the case at bar, the same facts and the same preparation formed the basis for appellee's suit on the contract and his

suit for quantum meruit recovery. The two actions are so interrelated that no distinction between the two theories of recovery is necessary. *Veale v. Rose*, 657 S.W.2d 834, 841 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Appellant's first and second points of error are overruled.

Appellant's third and fourth points of error complain that the trial court erred in refusing to submit special charge six, which asked the jury what they found to be "the reasonable costs incurred by Michael Burditt in completing the construction of the log home after March 14, 1983, over and above the costs he would have reasonably incurred had John Sisk fully completed the log home."

Burditt claims that the issue should have been submitted for two reasons: (1) that those costs of completion were plead by him in his counterclaim, and (2) that the costs of completion were a necessary element of appellee Sisk's cause of action for substantial performance.

Appellant's counterclaim contained the following language requesting damages for remedying defects which were caused by appellee's "many errors and mistakes":

B. The work which was performed by cross-Defendant was of a *poor quality* and not performed with a requisite degree *of skill or workmanship* implied by law. Further, cross-Defendant failed to complete the construction work that he promised to perform, and wrongfully abandoned said project leaving cross-Plaintiff with no choice but to hire additional workmen and contractors to complete said construction. During this process, *many errors and mistakes* made by cross-Defendant were discovered and *which cross-Plaintiff had to pay to have corrected.* Cross-Plaintiff's damages in this regard, and which were the proximate result of cross-Defendants alleged failures, are in the approximate sum of $10,000.00, for which cross-Plaintiff sues. [Emphasis added.]

The trial court submitted an issue to the jury which inquired whether the work performed by appellee was defective. The jury responded in the negative. The sufficiency of the evidence to support this finding is unchallenged.

 The trial court is required to submit the cause upon the special issues controlling the disposition of the case *that are raised by the written pleadings* and the evidence in the case. TEX.R.CIV.P. 277 and 279. We construe the above quoted language of Appellant's counterclaim to be a plea for damages arising from Sisk's faulty and defective workmanship. No affirmative pleadings of Appellant exist that support the submission of special charge 6. Appellant's third point of error is overruled.

Appellant argues that a contractor suing to recover his contract expectancy for having substantially performed his obligations is entitled to the contract price, less the damages sustained by the owner due to the contractor's failure to fully perform.

The Texas Supreme Court in *Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480 (Tex.1984), stated that "when a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable." *Vance,* 677 S.W.2d at 481. The Court then noted that "there are numerous factual settings that may arise in the context of a building construction contract dispute, and we do not imply that the rules set forth herein will apply to all building contract cases. The proper measure of damages as well as any allowance offsets must be determined by the facts of the case." *Id.*

The Supreme Court in *Vance* at 482 discussed *Atkinson v. Jackson Bros.,* et al, 270 S.W. 848 (Tex.Comm'n.App.1925, opinion adopted).

The *Atkinson* court correctly stated that the doctrine of substantial performance is merely an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of

action for quantum meruit. The doctrine does not, however, permit the contractor to recover the full consideration provided for in the contract. By definition, this doctrine recognizes that the contractor has not totally fulfilled his bargain under the contract—he is in breach. Nonetheless, he is allowed to sue on the contract, but his recovery is decreased by the cost of remedying those defects for which he is responsible. "To allow full recovery without deductions for defects is to award compensation for something [the contractor has] not done." *Id.* at 851.

The court in *Atkinson* announced the following rule "for measuring compensation or damages ... to both the contractor and the owner:"

> In cases of substantial performance, the amount recoverable by the contractor is the contract price, less the reasonable cost of remedying the defects or omissions in such a way as to make the building conform to the contract. This deduction measures the damages allowed the owner for failure on the part of the contractor to fully comply with the specifications.

In *Vance,* the contract stated that the contractor would receive a sum certain for the completed construction, and that was the amount sued for. The case at bar involves a "cost-plus" contract.

■■■ A "cost-plus" contract is one in which "the contractor is to be reimbursed for costs of materials and labor by the owner and is to receive a stated percentage of such costs as his profit." *Gay v. Stratton,* 559 S.W.2d 131, 132 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). The consideration due to a contractor under a "cost-plus" contract can not be ascertained other than by relation to costs expended or necessary to be expended. *Fair v. Uhr,* 310 S.W.2d 125, 128 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.). A contractor suing for breach of a "cost-plus" contract

has been required to prove only the contract, the breach and the total costs in order to recover. *Lee v. Ardoin,* 677 S.W.2d 686, 688–89 (Tex.App.—Beaumont 1984, no writ).

■ In the instant case, the contractor sued to recover his 5% fee *only* for the work he completed before he left the job, not for work completed after he left the job. The appellant testified that the sum of $164,650.94 "represents the figure upon which John Sisk's five percent commission is based." Sisk also seeks 5% of $6,000.00 for the garage kit and 5% of $8,232.54 for the fireplace.

The jury found that the cost of the fireplace was one of the components that the parties had agreed to include in the total cost of construction for the purpose of determining the contractor's 5% fee and that the cost of the garage kit was not one of those components.

The total cost of construction for the purpose of calculating the 5% contractor's fee is $172,883.48 [1] and 5% of that total is $8,644.17. The jury found the value of Sisk's services to be $8,654.00.

Because Sisk did not attempt to recover a percentage of the total costs for final completion of the house, but instead limited himself to 5% of the work he supervised, Special Charge 6 did not constitute an essential element of appellee's cause of action for substantial performance.

Appellant's fourth point of error is overruled. The judgment of the trial court is AFFIRMED.

---

1. The $164,650.94, which represents the figure upon which Sisk's 5% commission is based, plus

$8,232.54, for the fireplace, totals $172,883.48.