808 F.2d 427
 27 Wage & Hour Cas. (BN 1626, 105 Lab.Cas. P 34,863
 Gumecinda, Ortencia, Jaime, Javier, Ofelia and Gerardo DIAZ;
Irma and Felipe Diaz; Paula and Iliana Espericueta:
Juanita and Jesus P. Martinez and Sara Martinez,
Plaintiffs-Appellants Cross-Appellees,
v.
ROBERT RUIZ, INC., Defendant-Appellee Cross-Appellant,
and
Jose Caamel, Roberto Gomez and Roy Herber, Defendants-Appellees.
 No. 85-2740.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 27, 1987.
 
 Debra A. Smith, Texas Rural Legal Aid, Inc., Farm Worker Div., Randall C. Marshall, Hereford, Tex., David G. Hall, Texas Rural Legal Aid, Inc., Weslaco, Tex., for plaintiffs-appellants cross-appellees.
 Alejandro Moreno, Jr., Ricardo Flores, Pharr, Tex., for defendant-appellee cross-appellant.
 Appeals from the United States District Court for the Southern District of Texas.
 Before DAVIS, GARZA, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 Plaintiffs, migrant and seasonal farmworkers, filed suit under the Fair Labor Standards Act ("FLSA"), Farm Labor Contractor Registration Act ("FLCRA"), and state contract law against a packing shed and various individuals. On the eve of trial, the parties settled all claims except for attorneys' fees and proceeded to trial on that issue. After an evidentiary hearing, the district court awarded plaintiffs $24,418.00 in attorneys' fees and $2,296.78 in costs. Both sides appeal. We vacate and remand.
 
 
 2
 I. ATTORNEYS' FEES FOR FLCRA/CONTRACT CLAIMS
 
 
 3
 The district court found that plaintiffs were prevailing parties on their FLCRA and breach of oral contract claims, and, as these claims involved "a common core of facts and interrelated issues," plaintiffs were entitled to attorneys' fees under Tex.Rev.Civ.Stat.Ann. art. 2226.[1] Defendants dispute this award on the grounds that the district court erred in ruling that FLCRA disclosure statements create an implied contract between the parties, and that there is nothing in the record to evidence plaintiffs' oral contract claims.
 
 
 4
 The defendants properly interpreted FLCRA. The district court, in determining that the disclosure provisions of FLCRA were meant to create a contract of employment sufficient to implicate art. 2226, relied on another district court decision in Montelongo v. Bell, CA No. B-77-167 (S.D.Tex. May 2, 1985). That aspect of Montelongo was reversed on appeal subsequent to the district court's ruling in the case at bar, and this Court concluded that even where FLCRA disclosure violations occurred, there can be no art. 2226 recovery unless the plaintiffs independently prevail on their contract claim. Montelongo v. Meese, 803 F.2d 1341, 1354 (1986). FLCRA does not create an implied basis for award of attorneys' fees under state law.[2]
 
 
 5
 The district court also held that the FLCRA and oral contract claims involved a common core of facts and interrelated issues, as a result of which recovery on the contract claim could support a fully compensatory award under art. 2226. Burditt v. Sisk, 710 S.W.2d 114, 116-17 (Tex.App.--Corpus Christi 1986). However, the Texas Supreme Court has interpreted art. 2226 to require a favorable trial court judgment on a contract claim as a prerequisite to recovery. McKinley v. Drozd, 685 S.W.2d 7, 10-11 (Tex.1985) ("... a favorable trial court judgment on the article 2226 claim is needed to establish that the claim is (just .....") As the contract claim was settled before trial, there has been no trial court judgment on liability, and thus plaintiffs cannot recover under art. 2226. To allow recovery for attorneys' fees on claims that are settled before trial, as plaintiffs propose, would discourage settlements of contract disputes by adding legal fees to the underlying amounts in dispute, somewhat like a penalty. Moreover, collateral litigation on attorneys' fees in contract disputes otherwise settled or amenable to settlement would be increased and would frustrate the purpose of art. 2226 to expedite their resolution.
 
 
 6
 Plaintiffs cite Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co., Inc., 697 S.W.2d 712 (Tex.App.--Corpus Christi 1986, no writ) for the proposition that one can recover attorneys' fees under art. 2226 even when a contract claim is settled prior to trial. Buckner is, in this respect, a unique decision without precursor in Texas law. Even if we accept this interpretation (which, in light of the express language in McKinley, supra, we may not), plaintiffs still cannot prevail under art. 2226. To recover attorney's fees under art. 2226, Texas law requires proof of presentment, refusal, and the existence of a duty or obligation which the opposing party has failed to meet. Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex.1983); see also Schlobohm v. Pepperidge Farms, Inc., 806 F.2d 578, 579 (5th Cir.1986) (requiring proof of obligation and breach for recovery of attorneys' fees under Texas law). At the hearing on attorneys' fees, plaintiffs introduced evidence establishing presentment and refusal. However, other than the court's ruling that FLCRA implies a contract as a matter of law, there is nothing in the record to substantiate the existence of any oral contract, much less any breach. Consequently, plaintiffs failed to prove a prima facie case for recovery under art. 2226, and the district court's award of attorneys' fees under Texas law must be reversed.
 
 II. FSLA CLAIMS
 
 7
 A successful FLSA claim carries with it the recovery of attorneys' fees. 29 U.S.C. Sec. 216(b). This recovery extends to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones. See Williams v. Tri-County Growers, 747 F.2d 121, 137-38 (3d Cir.1984). As the district court made no findings regarding the interrelatedness of work performed on the FLSA and FLCRA claims, we remand for consideration of this possible basis of recovery.[3]
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 [1]
 Article 2226, in effect at the material times of this lawsuit, is currently recodified as Tex.Civ.Prac. & Rem.Code Sec. 38.001
 
 
 [2]
 This result is consonant with the general rule that one does not receive attorneys' fees in FLCRA cases. See Alvarez v. Longboy, 697 F.2d 1333, 1340-41 (5th Cir.1983). To hold, as plaintiffs suggest, that FLCRA disclosure provisions inherently create an implicit or oral contract actionable under state law would, in most instances, render nugatory congressional intent that attorneys' fees not be recoverable under FLCRA
 
 
 [3]
 As we remand for a complete recalculation of the fee award in this case, we need not reach the other issues raised on appeal. However, we note that the Supreme Court has recently spoken to the issue of proportionality in City of Riverside v. Rivera, --- U.S. ----, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)